IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIE DONNELL BEASLEY, #870844 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv660 |
| CHRISTOPHER A. HOLMAN, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

Came on for consideration, Plaintiff Willie Donnell Beasley's Motion for Reconsideration and to Remove a Strike Pursuant to Rule 60(b)(6) of Federal Rules of Civil Procedure (docket entry #21). For the reasons stated herein, the motion will be denied.

On April 28, 2011, the assigned Magistrate Judge issued a Report and Recommendation that the Plaintiff's action be dismissed with prejudice pursuant to the three strikes provision of 28 U.S.C. § 1915(g). Plaintiff filed objections, all of which fundamentally went to support the merits of his underlying claims, but did not address the basis for the Magistrate Judge's Report and Recommendation. On *de novo* review of Plaintiff's claims and objections, the Court found that the Magistrate Judge's findings and conclusions were correct. On May 23, 2011, the Court dismissed Plaintiff's lawsuit with prejudice pursuant to the three strikes provision of § 1915(g) and entered final judgment. On June 6, 2011, Plaintiff filed the instant Motion for Reconsideration, specifically seeking relief under Fed. R. Civ. P. 60(b)(6). He concurrently filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit. Such a notice of appeal divests this Court of jurisdiction. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). However, the Court

1

may still consider or deny a Rule 60(b) motion, though it may not grant one.

## Discussion and Analysis

Briefly, Plaintiff contends that he is being subjected to strip searches when going back and forth to his assigned place of work in violation of the Fourth Amendment and in the presence of female guards. He alleged in his complaint that the Defendants, various officials or former officials of the Texas Department of Criminal Justice ("TDCJ"), altered certain administrative procedures of TDCJ and implemented a "squat and cough" requirement to a strip search of himself and other prisoners upon return from work assignments at a packing plant. *See* complaint at 4. He asserted that this is a violation of his Fourth Amendment, due process and equal protection rights. *Id*.

In his Motion for Reconsideration, Plaintiff now argues for the first time and without any substantiation, factual allegations in support, or evidence of any type, that the process of being strip searched introduces the "element of imminent danger" because his "mental anguish is evident" and the "humiliation triggered by the demoralizing forced strip searches" results in "a great degree of stress." Motion at 1. He argues, without explaining, that his mental anguish produces trembling, increased blood pressure, feelings of restlessness and other emotional reactions. *Id*. He further argues that "[i]f these feelings continue there is a strong possibility of a heart attack or stroke." *Id*. In other words, he appears to be arguing that the provision of 28 U.S.C. § 1915(g) that exempts a three-strikes dismissal if "the prisoner is under imminent danger of serious physical injury" applies in this instance.

A motion to alter or amend, or for reconsideration, may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem*

*Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)), *cert. denied*, 543 U.S. 976, 125 S. Ct. 411, 160 L. Ed. 2d 352 (2005), *and reh'g denied*, 543 U.S. 1085, 125 S. Ct. 958, 160 L. Ed. 2d 840 (2005). Here, Plaintiff has only invoked Rule 60(b), not Rule 59(e). Moreover, if a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1. Here, Plaintiff's motion was not filed within ten days of the judgment of which he complains. Therefore, the Court will consider it solely as a Rule 60(b) motion. That Rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)). In this case, Plaintiff has relied solely on Rule 60(b)(6) for "any other reason that justifies relief." His motion is timely.

First, the Court notes that none of Plaintiff's arguments, nor any allegations that would support them, appear in Plaintiff's complaint. Additionally, a review of the voluminous material he appended to his complaint, which includes grievance statements explicitly stating his complaints to TDJC officials, reveals no such allegations. Further, there are no medical records of any type to substantiate that he has suffered even the slightest physical impairment or faces any possibility of a "heart attack or stroke." The Fifth Circuit has established that, "a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Here, Plaintiff has long since filed his complaint and *in forma pauperis* motion in the District Court on December 13, 2010 (docket entries # 1, 2), without alleging any sort of "imminent danger of serious physical injury." *Moxley v. Keeton*, 2005 WL 1489925, at *1-2 (N.D. Tex. June 22, 2005) (citing *Banos*, 144 F.3d at 844).

Second, even if Plaintiff's arguments were accepted as true, they do not constitute the type of "imminent danger of physical injury" required under § 1915(g). "[A]sserting that he is in imminent danger of serious physical injury because he is suffering from mental anguish and mental distress due to the defendants' violation of his constitutional rights" does "not establish that he is under imminent danger of serious physical injury." *Davis v. Scott*, 240 F.3d 1074, 2000 WL 1835296, at *1 (5th Cir. 2000) (per curiam) (citing *Banos*, 144 F.3d at 884); *see also In re Whitfield*, 2006 WL 2794929, at *2 (S.D. Tex. Sept. 27, 2006) (claims of mental anguish do not equate with serious physical harm).

Finally, Plaintiff's Motion for Reconsideration otherwise simply again reasserts the merits

of his claims and that certain other prisoners who object to being strip searched sought to intervene in the case. Because Plaintiff's complaint has been, and will remain, dismissed for his three-strikes violations, the Court will not review those issues again. To the extent that Plaintiff's motion might be read to seek to have a strike removed, as suggested in its title, Plaintiff has not requested, provided authority for, or argued such a removal beyond his basic request for reconsideration overall. Thus, there is no "other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), and Plaintiff's Motion for Reconsideration will be denied.

It is therefore,

**ORDERED** that Plaintiff's Motion for Reconsideration and to Remove a Strike Pursuant to Rule 60(b)(6) of Federal Rules of Civil Procedure (docket entry #21) is hereby **DENIED**.

**SIGNED this 11th day of July, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE